UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOSEPH BLACKMAN,

                                    Petitioner,           No. 07-CV-6422 CJS

   -vs-

                                                        DECISION AND ORDER

THE UNITED STATES DEPARTMENT OF
HOMELAND SECURITY BUREAU OF
IMMIGRATION AND CUSTOMS ENFORCEMENT
BUFFALO FEDERAL DETENTION FACILITY,

                                    Respondents.

_____

APPEARANCES

For Petitioner:                    Joseph Blackman, *pro se*
                                            A30-987-372
                                            Buffalo Federal Detention Center
                                            4250 Federal Drive
                                            Batavia, New York 14020

For Respondent:               Mary Pat Fleming
                                            Assistant United States Attorney
                                            138 Delaware Avenue
                                            Buffalo, New York 14202

INTRODUCTION

      This is an action pursuant to 28 U.S.C. § 2241 in which Petitioner contends that his continued detention, pursuant to Section 236 of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1226, pending judicial review of a final order of removal, is unlawful. Because the Court finds that Petitioner's continued detention satisfies INA § 241 and the due process standard set forth in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491 (2001), the application is denied and this action is dismissed.

BACKGROUND

Petitioner Joseph Blackman ("Petitioner") is a native and citizen of Panama. On June 7, 1970, Petitioner entered the United States and was granted lawful permanent resident status. In 1987, Petitioner was convicted, in County Court, County of Rockland, State of New York, of Criminal Possession of a Controlled Substance in the First Degree, and Criminal Sale of a Controlled Substance in the First Degree. Petitioner was sentenced to an indeterminate term of imprisonment of 20 years to life in state prison. On March 31, 1988, Petitioner was charged with being removable from the United States, pursuant to INA § 241(a)(11), 8 U.S.C. § 1227(a)(2)(B)(i) (Controlled Substance). On April 2, 1993, a United States Immigration Judge ordered that Petitioner be deported to Panama.

On September 9, 2005, Petitioner was released from New York State prison, and was taken into custody by the United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE"). As of September 20, 2005, ICE had contacted the Consulate General of Panama to request a travel document to allow Petitioner's return to Panama. However, on October 21, 2005, Petitioner filed an application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the United States District Court for the Eastern District of New York. The petition sought review of the Immigration Judge's final order of removal. On October 21, 2005, the Honorable Frederic Block, United States District Judge, transferred the petition to the United States Court of Appeals for the Second Circuit, pursuant to "[t]he REAL ID Act, [Pub. L. No. 109-13, 119 Stat. 231]," and stayed Petitioner's removal, "pending further action by the circuit court." While Petitioner's action was pending before the Second Circuit, ICE

conducted two reviews of Petitioner's detention. On both occasions, ICE concluded that Petitioner posed a danger to the community if released. On July 31, 2007, the Second Circuit dismissed the petition, based on Petitioner's failure to exhaust his administrative remedies. Specifically, the Second Circuit indicated that Petitioner had failed to appeal the decision of the Immigration Judge to the Board of Immigration Appeals.

On August 27, 2007, Petitioner filed the subject petition, pursuant to 28 U.S.C. § 2241, alleging that his continued detention is "unconstitutional" and "no longer authorized by statute." On September 11, 2007, this Court issued a Scheduling Order [#4], and on October 24, 2007, Respondent filed an Answer [#6] to the Petition and a Memorandum of Law [#7].

## DISCUSSION

Petitioner brings this action pursuant to 28 U.S.C. § 2241(c)(3), which "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). The specific legal principles applicable to Petitioner's claim are clear:

> INA § 241, 8 U.S.C. § 1231, governs the detention of aliens subject to final orders of removal. It provides that, in general, "the Attorney General shall remove the alien from the United States within a period of 90 days" of the final removal order, INA § 241(a)(1)(A), 8 U.S.C. § 1231(a)(1)(A), and that "[d]uring the removal period, the Attorney General shall detain the alien," INA § 241(a)(2), 8 U.S.C. § 1231(a)(2). It further provides that certain classes of aliens, including inadmissible aliens and criminal aliens, shall continue to be subject to "supervision" even after the 90 day period expires if they have not yet been removed. INA § 241(a)(3),(6), 8 U.S.C. § 1231(a)(3),(6). The INS has interpreted the term "supervision" to include detention, and has maintained in the past that INA § 241 "sets no 'limit on the length of time beyond the removal period that an alien who falls within one of the Section 1231(a)(6) categories may be detained.' " *Zadvydas v.*

conducted two reviews of Petitioner's detention. On both occasions, ICE concluded that Petitioner posed a danger to the community if released. On July 31, 2007, the Second Circuit dismissed the petition, based on Petitioner's failure to exhaust his administrative remedies. Specifically, the Second Circuit indicated that Petitioner had failed to appeal the decision of the Immigration Judge to the Board of Immigration Appeals.

On August 27, 2007, Petitioner filed the subject petition, pursuant to 28 U.S.C. § 2241, alleging that his continued detention is "unconstitutional" and "no longer authorized by statute." On September 11, 2007, this Court issued a Scheduling Order [#4], and on October 24, 2007, Respondent filed an Answer [#6] to the Petition and a Memorandum of Law [#7].

## DISCUSSION

Petitioner brings this action pursuant to 28 U.S.C. § 2241(c)(3), which "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). The specific legal principles applicable to Petitioner's claim are clear:

> INA § 241, 8 U.S.C. § 1231, governs the detention of aliens subject to final orders of removal. It provides that, in general, "the Attorney General shall remove the alien from the United States within a period of 90 days" of the final removal order, INA § 241(a)(1)(A), 8 U.S.C. § 1231(a)(1)(A), and that "[d]uring the removal period, the Attorney General shall detain the alien," INA § 241(a)(2), 8 U.S.C. § 1231(a)(2). It further provides that certain classes of aliens, including inadmissible aliens and criminal aliens, shall continue to be subject to "supervision" even after the 90 day period expires if they have not yet been removed. INA § 241(a)(3),(6), 8 U.S.C. § 1231(a)(3),(6). The INS has interpreted the term "supervision" to include detention, and has maintained in the past that INA § 241 "sets no 'limit on the length of time beyond the removal period that an alien who falls within one of the Section 1231(a)(6) categories may be detained.' " *Zadvydas v.*

> *Davis*, 533 U.S. 678, 689, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001) (quoting Brief for Petitioners in *Zadvydas*, p. 22).
>
> In *Zadvydas*, the Supreme Court was faced with the challenge of reconciling INA § 241's apparent authorization of indefinite executive detention with the Due Process Clause of the Fifth Amendment. In order to save § 241 from unconstitutionality, the Supreme Court held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id*. at 699, 121 S.Ct. 2491. The Court stated that detention is presumptively reasonable for six months following a final removal order, and that, after the first six months, detention violates § 241 if (1) an alien demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future and (2) the government is unable to rebut this showing. *Id*. at 701, 121 S.Ct. 2491.

*Wang v. Ashcroft*, 320 F.3d at 145 -146 (footnotes omitted). In computing the duration of the confinement, the removal period begins, where the Petitioner has sought judicial review of the removal order, when the reviewing court issues its final order. 8 U.S.C. § 1231(a)(1)(B)(ii) ("If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, [the removal period begins on] the date of the court's final order."). In applying these principles of law, the Court is required to construe the *pro se* Plaintiff's papers liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

In this case, Petitioner maintains that "the governing statute that applies to [his] situation is INA § 236 not § 241." (Petitioner's Memorandum of Law at 7) (emphasis in original). However, that is incorrect, since any claim that Petitioner might have had under INA § 236 was rendered moot when the Second Circuit dismissed his appeal on July 31, 2007. *Wang v. Ashcroft*, 320 F.3d at 147. Consequently, Petitioner is presently subject to detention, pending final removal, pursuant to INA § 241. *Id*. Moreover, when Petitioner commenced this action, the 90-day removal period under INA § 241 had not

4

expired.

It is also evident that Petitioner has not set forth a Due Process claim, since his detention, during the removal period that began when the Second Circuit dismissed his appeal, has not exceeded the six-month mark which the *Zadvydas* decision found to be presumptively reasonable. Moreover, even if Petitioner's detention under INA § 241 exceeded six months, he would still not be entitled to relief, since he has not demonstrated "that there is no significant likelihood of removal in the reasonably foreseeable future."[1] To the contrary, the record strongly suggests that Petitioner can be expeditiously removed to Panama. Consequently, the Petition must be denied.

## CONCLUSION

For the foregoing reasons, Petitioner's Petition for relief under 28 U.S.C. § 2241 is denied, and this action is dismissed.

So Ordered.

Dated: Rochester, New York
     December 13, 2007

ENTER:


    /s/ Charles J. Siragusa
    CHARLES J. SIRAGUSA
    United States District Judge

---

[1] Indeed, Petitioner has not attempted to make such a showing.